**Louie W. SMITH, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17875.**

Court of Criminal Appeals of Oklahoma.

May 2, 1973.

Red Ivy, Chickasha, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Kenneth L. Delashaw, Jr., Legal Intern, for appellee.

OPINION

BLISS, Presiding Judge:

Appellant, Louie W. Smith, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Grady County, Case No. CRF–70–159, for the crime of Assault and Battery with a Dangerous Weapon. He was sentenced to serve a term of one (1) year in the Grady County Jail in accordance with the verdict of the jury, and a timely appeal has been perfected to this Court.

At the trial, Dale Byars testified that on November 18, 1970, he was at the residence of his former wife, Gracie Nunn. At approximately 6:30 p. m., the defendant and one Georgia Alexander came to the porch of the home with a little girl. The defendant stated, "I want Dale," to which Gracie Nunn replied, "Dale ain't bothering you all and you all go on and leave Dale alone." The defendant repeated his request and both he and Alexander proceeded to cut a hole in the screen door, unhooked the same, and broke in the house. Byars then proceeded to a bedroom to get a pistol. Mrs. Nunn attempted to call the police, but one of the individuals jerked the phone out of her hand and shoved her down into a chair. The defendant then jerked the telephone off of the wall and approached the witness. Mr. Byars warned defendant not to come any closer, but defendant continued his advance. Byars then aimed his pistol at the floor between the defendant's feet and shot. The defendant continued to approach the witness, produced a pistol and

struck the witness in the head, kicked him in the ribs with his boots, and after the same, the witness apparently lost consciousness. The witness related he had not been drinking on the evening in question, but that it appeared that the defendant and Alexander had been.

Gracie Nunn then testified that Mr. Byars had been assisting her at the residence since her recent return from the hospital. She related that on the evening in question, her grandchild came to the back door of her residence and stated, "Open the back door. Mama and Mr. Smith want in." The witness responded, "If they are drinking Barita, I don't want them in this house. I don't want them about if they are drinking." She related that the defendant responded, "I want to see Dale," wherein she replied, "You let Dale alone, he ain't bothering you or nobody else." When the defendant and Alexander proceeded to open the screen door, the witness admonished them not to enter or she would summon the police. Despite this, the two entered. The defendant jerked the phone from Nunn's hand and Nunn fled to her granddaughter's house next door. She observed none of the events that followed.

Marvin Malone, a neighbor, testified that on the evening in question, he had been playing dominoes at a house across the street from Gracie Nunn. He related that after hearing a disturbance across the street, he observed the defendant and Alexander standing between a shed and garage. Alexander proceeded into a house and the defendant ran back behind the garage and shortly returned back in sight. When the police arrived, the witness advised the officers as to what he had observed and a search behind the garage produced a .38-caliber pistol.

Dr. Burton B. McDougal testified that he had treated Byars for an inch and a half laceration on Byars' forehead. Dr. McDougal also related that Byars had bruises on his left head and eye region and over his chest.

Claude Ryans, another neighbor, related that upon hearing approximately five gunshots, he proceeded outside and observed a man run across a vacant lot between some houses. He identified the defendant as being the man he observed that evening.

Ray Lambert, firearms examiner for the Oklahoma State Bureau of Investigation, testified that he received a .38-caliber Colt semi-automatic pistol from Deputy Sheriff Mark Brown, a spent bullet and five empty cartridges. He related that in his opinion, the bullet had been fired from the pistol received from Deputy Brown.

Mark Brown testified that he received the evidence envelope from Detective Danny Wheeler of the Chickasha Police Department and took the same to the Oklahoma State Bureau of Investigation.

Detective Danny Wheeler of the Chickasha Police Department testified that upon receiving a report of a shooting at the Nunn residence, he proceeded thereto. He testified that he first noticed the front screen door had been torn and that he found several bullet holes within the house. He further testified that he had been able to retrieve a .22-caliber bullet which had been fired into the floor and turned this evidence over to Deputy Brown.

Officer Jim McClain testified that upon arriving at the Nunn residence, he observed the victim sitting inside on a chair and he was "bloody from head to waist." He further stated that he had obtained a .22-caliber, 9-shot revolver from the home and that one shot had been fired therefrom. Officer McClain related that he had arrested the defendant, and that the defendant had resisted the same by wrestling the officer to the ground. He further testified that as a result of his difficulties, Officer Buchanan assisted him in making the arrest.

Another Chickasha Police Officer, Ole Hatfield, testified that with the assistance of Mr. Malone, he retrieved a weapon from under a nearby shed and identified the same as being the State's exhibit.

The defendant then produced Georgia Alexander, who is the daughter of Gracie Nunn. The witness related that she and the defendant had not been drinking on the evening in question. She testified that after returning to town with the defendant, she talked to her child and proceeded to her mother's residence with the defendant. She testified that upon entering the home, Mr. Byars "walked out like he was half drunk with two guns," fired two shots at her, and said, "I will kill you you son-of-a-bitch." She testified that the defendant pushed her over to the side and took the telephone from the wall and "knocked the shot." She related that the defendant advised her to take her child and vacate the premises, which they did. The witness further testified that the defendant had a gun, but that he was carrying it because his automobile glove compartment would not lock.

The defendant, Louie Smith, took the stand in his own defense. Defendant testified in substance as to the same events as Georgia Alexander. The defendant further testified that he was scared, pulled his gun, and whipped Byars with it. The defendant testified that he had also gotten shot and that defendant's pistol had discharged several times while he was hitting Byars with it. He denied resisting the arrest.

The defendant then produced several character witnesses.

On rebuttal, Officer Jerry Buchanan of the Chickasha Police Department, testified that he had investigated the shooting in question. He related that Alexander and the defendant had stated to him that both had "busted into her mother's house and whipped up on Mr. Byars." He related that both subjects appeared to be intoxicated and that they were staggering and smelled of alcohol. The officer stated that he had arrested the defendant, the defendant resisted the same, and that it took several officers to force the defendant into the police car. He further related that he did not observe any injury on the defendant.

Defendant's only proposition asserts that the court erred in failing to grant a mistrial when so moved by defense counsel on several occasions at the trial. Defendant complains that in several instances certain questions and testimony offered were so prejudicial that they constituted reversible error in view of the entire record. With this assertion we cannot agree. In Treadway v. State, Okl.Cr., 346 P.2d 953, we stated:

" * * * [A]n examination has been made of the record herein, and we find no prejudicial error entitling defendant to a reversal of this cause * * * Chambers v. State, 97 Okl.Cr. 407, 265 P.2d 506."

The one case cited by the defendant does not support his allegation and a review of the record does not indicate prejudicial error occurred requiring reversal. The judgment and sentence of the trial court is affirmed.